IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                            CASE NO. 1:94-cr-01036-MP

JAMES R YOUNG,

     Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 112, Motion for Designation of Federal Sentence by James R Young.  After being sentenced to 262 months in federal prison, the defendant was sentenced to 15 years in the state prison system.  In the motion, the defendant seeks to have the Court designate the state facility as the location for serving his federal sentence, effectively making the sentences concurrent.  The government responded, doc. 115, and the defendant, through counsel, replied, doc. 116.

The Court agrees with the government that the defendant moves the Court to enter a province reserved for the Bureau of Prisons. "A request for credit for prior custody under 18 U.S.C. 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing." Rogers v. United States, 180 F.3d 349, 358 (1st Cir.1999). See United States v. Wilson, 503 U.S. 329, 334 (1992). It is only after a prisoner has exhausted potential remedies under the Bureau of Prisons Administrative Remedies Program that he may seek judicial review. Id., at 357.

Moreover, even if the defendant had exhausted administrative remedies, the Court would deny this motion.  The Court is aware that Bureau of Prisons officials dealing with a request such

as the one in this case typically send a letter to the Court asking if running the sentences

concurrently would go against the sentencing considerations of the Court.  Or as the defendant

put it, "Had this court known that in a matter of two months the State of Florida would impose a

15 year State sentence on the defendant, would the court have announced the federal sentence

concurrent?"  The undersigned finds that consecutively served sentences are consistent with the

sentencing considerations at 18 U.S.C. § 3553, et seq.  Accordingly, the motion at doc. 112 is

denied.


**DONE AND ORDERED** this  *22nd*   day of September, 2005


_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge