IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                            CASE NO. 1:94-cr-01036-MP

JAMES R YOUNG,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Mr. Young's Notice of Appeal, which the Court construes as including a Motion for Certificate of Appealability ("COA").  The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to

proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

Here, as described in the Order denying in forma pauperis status on appeal, doc. 133, Mr. Young is attempting to bring a successive § 2255 motion without first having received permission from the Eleventh Circuit.  Accordingly, no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed.  Therefore, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability is denied.

**DONE AND ORDERED** this  _19th_   day of June, 2008

                            *s/Maurice M. Paul*
                    Maurice M. Paul, Senior District Judge