IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 1:94-cr-01036-MP All Defendants

JAMES R YOUNG,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 155, entitled "Motion for Clarification of Court Order Pertaining to Defendant's Judgment in this Criminal Case." Despite the name, the motion is actually an attack on the validity of the Defendant's sentence. Attacks on the validity of a conviction or sentence must be asserted under § 2255. See <u>United States v. Hayman</u>, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); <u>Broussard v. Lippman</u>, 643 F.2d 1131 (5th Cir. Unit A Apr.27, 1981); <u>see</u>, <u>e.g.</u>,  <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir.1990); <u>Cox v. Warden, Federal Detention Ctr.</u>, 911 F.2d 1111 (5th Cir.1990). Therefore the instant motion should be denied as improper. Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

    The motion for clarification, Doc. 155, is denied. Attacks on the validity of his sentence must be brought pursuant to 28 U.S.C. § 2255, and because Mr. Young has had a previous § 2255 motion denied, he must first obtain approval from the Eleventh Circuit Court of Appeals before filing a second § 2255 motion.

    **DONE AND ORDERED** this *22nd*  day of June, 2011

                                    *s/Maurice M. Paul*
                             Maurice M. Paul, Senior District Judge