**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.                                                                       CASE NO. 1:94-cr-01036-MP

JAMES R YOUNG,

       Defendant.

_____/

# O R D E R

       This matter is before the Court on Doc. 186, Mr. Young's Motion For Rule 60(b) Relief from

a Judgment or Order.  Previously, in Doc. 182, the Eleventh Circuit issued a limited remand to this

Court.  In the remand, the Eleventh Circuit found that the Court misconstrued Mr. Young's motion

at Doc. 163 as a motion collaterally attacking the duration of his sentence which must be brought

under 28 U.S.C. § 2255.  The Eleventh Circuit noted that "Young did not claim the right to be

released from custody or otherwise challenge the validity of his conviction or sentence, but merely

sought to rectify a perceived clerical error in his judgment of conviction."  Doc. 182.  The Eleventh

Circuit thus remanded the matter to this Court to "consider the merits of Young's motion under Fed.

R. Crim. P. 36, and determine whether there is, in fact, a clerical error in the judgment of conviction

in need of correction."

       In the order at Doc. 184, the Court agreed with Mr. Young that the jury's verdict form, Doc.

27, allowed the jury to convict if they found that he possessed "a firearm or ammunition" so long

as the jury unanimously agreed as to which one or both were possessed.  Id. at 32.  The jury found

him guilty but was not asked to specify which item or items he possessed.  Id.  Additionally, despite

the fact that the verdict form allowed the jury to convict based on possession of a firearm or

ammunition, the Judgment stated that he was convicted of "Possession of a Firearm and Ammunition by a Convicted Felon." Doc. 37. Thus, the Court concluded that this is a clerical error which can be corrected under Fed. R. Crim. P. 36, Doc. 184, and issued an amended judgment, Doc. 185, which matched the language in the verdict. Now, in his current motion, Mr. Young argues that "[t]he jury's ambiguous verdict has denied me the right to a fair and impartial trial and jury verdict." Doc. 186, p. 1. He seeks "review and reconsideration" of the ruling on his motion. Upon consideration, his motion is denied.

At trial, testimony revealed that, in 1994, a witness told law enforcement officers that Mr. Young, who had an extensive felony record, was hiding two guns - a Remington rifle and a handgun - in the attic of the home in which he was living. Doc. 45, pp. 48-49, 52, 58. Officers obtained and executed a search warrant and executed it. At first thought the apartment was empty, and also found only the rifle in the attic. Id. at 57-58. They also found two rounds of .22 ammunition in the closet below the attic, but they did not find the handgun. Id. at 59. Around an hour later, another officer re-searched the attic and discovered that Mr. Young had been hiding in the back of the attic the whole time. Id. at 60, 69. He was arrested, and during execution of a second search warrant at the home, police found a plastic baggy with more .22 ammunition. Id. at 71, 76. They never located the handgun, however.

Additionally, the following testimony at trial established that defendant had been present at a July, 1993, burglary during which the Remington rifle had been stolen. The owner of the rifle testified that the Remington rifle was his and was stolen during a burglary in July of 1993. Doc. 45, pp. 40-41. A fingerprint examiner testified that latent prints were left at the point of entry of the July, 1993, burglary. Id. at 117. The expert testified that he compared Mr. Young's known fingerprints to latent prints found at the point of entry of the burglary, and determined that they

matched.  Id. at 117-120.

During the instruction phase of the trial, the Court followed the convention of "charge in the

conjunctive, prove in the disjunctive," U.S. v. Griffin, 705 F.2d 434, 436 (11th Cir. 1983), and

instructed the jury as follows:

> [D]efendant can be found guilty of the offense charged only if all of the following
> facts are proved beyond a reasonable doubt.
>
> First, that the defendant knowingly possessed either a Remington bolt action
> rifle, model 700, 270 caliber, serial number A6632175 or rounds of .22 caliber
> ammunition that had been shipped or transported from one state to another; and
> Secondly, that at the time the defendant possessed either the Remington bolt action
> rifle, model 700, 270 caliber or the .22 caliber ammunition, the defendant had been
> convicted in any court of a crime punishable by imprisonment for a term exceeding
> one year; that is for a felony offense.
>
> You will note that the indictment -- and you will be given a copy of the
> indictment to take to the jury room with you -- but you will note that the indictment
> charges the defendant with both possession of a firearm and possession of
> ammunition. Possession of ammunition is a means of violating the law that is
> separate from the charge of possession of a firearm which is also a means of
> violating the law. Therefore, it is not necessary that the government prove both
> offenses. It is only required that the government prove beyond a reasonable doubt
> that the defendant possessed either a firearm or ammunition, as long as the jury can
> unanimously agree as to which he possessed.

Transcript of trial, pp. 28-29.  The verdict form also allowed the jury to convict if they found that

he possessed "a firearm or ammunition" so long as the jury unanimously agreed as to which one or

both were possessed.  Id. at 32.  The jury found him guilty but was not asked to specify which item

or items he possessed.  Id.

Paragraph 14 of the Presentence Report applied Guideline § 2K2.1(b) to increase the offense

level by four levels because the firearm at issue was possessed in connection with another felony

offense, i.e., the burglary of the residence in which he stole the gun.[1]  See Doc. 44, p. 4.  The

---

[1]The Commentary under § 2K2.1(b) explains that the 4-level increase applies in such a
situation:

attorney for Mr. Young objected to this paragraph and argued at sentencing that the presence of his fingerprints at the scene of the burglary does not prove that Mr. Young ever possessed the gun, since no prints were on the gun itself. <u>Id.</u> at 4-6. Defense counsel speculated that perhaps Mr. Young broke in with a co-defendant, lost his nerve and left, and then the co-defendant brought the gun over to Mr. Young's home for him to stash. <u>Id.</u> At the end of the sentencing hearing, the Court expressly rejected that scenario and made a factual finding stating that the evidence "amply supported" that the firearm had been possessed by the defendant in the course of the burglary. Doc. 44, p. 7-9. The Court then applied the four-level increase under § 2K2.1(b) and sentenced him to 262 months, the bottom of the Guidelines range. <u>Id.</u> Despite the fact that the verdict form allowed the jury to convict based on possession of a firearm <u>or</u> ammunition, the Judgment stated that he was convicted of "Possession of a Firearm and Ammunition by a Convicted Felon." Doc. 37.

Holding Mr. Young responsible for both ammunition and the firearm is proper, based upon the factual finding made by the Court during sentencing that Mr. Young possessed both the firearm and the ammunition, and that he possessed the firearm in connection with the burglary. The Court expressly made this finding in two ways. First, as noted above, defense counsel argued, on pages 3-7 of the sentencing transcript at Doc. 44, that the jury verdict did not prove that Mr. Young possessed the rifle during the burglary. He thus objected to the enhancement to the offense level found in paragraph 14 of the PSR. The Court explicitly overruled the objections:

> THE COURT: First, I find that the objections made as to the calculation of the offense level, each objection is overruled. It is amply supported by the testimony received in this trial as well as the law and the applicable guidelines, sentencing

---

*Application When Other Offense is Burglary or Drug Offense*-Subsections *(b)(6)(B) and (c)(1) apply ... in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary.*

guidelines. So, they are each overruled without specific recitation as to a particular one.

Doc. 44, p. 8. Second, the Court later stated that "[t]he Court determines the presentence report to be true and accurate." Id. The presentence report stated that Mr. Young possessed the firearm and the ammunition, and that the firearm was possessed in connection with the burglary. PSR, ¶¶ 4, 13 and 14. Thus, the judgment accurately reflects the factual findings at sentencing that Mr. Young possessed both the firearm and the ammunition. Such factual findings were not improper or uncommon before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See Elizabeth T. Lear, *Is Conviction Irrelevant?*, 40 UCLA L.REV. 1179, 1181-85 (1993)(stating that "[p]unishment for nonconviction offenses, whether the result of an acquittal, a dismissed count, or conduct never charged, forms one of the mainstays of the fledgling federal system" after the Guidelines).[2] Therefore, there is no basis for Rule 60(b) relief. It is hereby

**ORDERED AND ADJUDGED:**

The Motion for Rule 60(b) Relief from a Judgment or Order, Doc. 186, is denied.

**DONE AND ORDERED** this *22nd* day of October, 2012

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge

---

[2]To the extent that petitioner seeks to challenge this practice under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), such an argument can only be made in a motion under § 2255, which would be untimely, impermissibly successive and without merit as Booker's constitutional rule does not apply retroactively to § 2255 claims on collateral review. Varela v. U.S., 400 F.3d 864, 868 (11th Cir. 2005).