IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case    No.1:94cr1036/MP/GRJ

JAMES R. YOUNG

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  (ECF No. 213.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of Defendant's submission and the record, the undersigned concludes that the court does not have jurisdiction to entertain Defendant's successive § 2255 motion and that it should be dismissed.

## BACKGROUND AND ANALYSIS

Defendant was sentenced on December 14, 1994 to a term of 262 months imprisonment after a jury convicted him of violations of 18 U.S.C. §§ 922(g) and 924(e).  His conviction was affirmed on appeal and the Supreme Court denied certiorari.  (ECF Nos. 55, 57.)  In February of 2000, Defendant filed a motion to vacate under 28 U.S.C. § 2255, which was denied as untimely.  (ECF. Nos. 58, 60, 61).  After objection from Defendant, the court then reopened the matter and  conducted an evidentiary hearing to determine whether Defendant had timely delivered his petition.  The court again dismissed the petition as untimely, finding that Defendant had submitted fraudulent evidence at the hearing.  (*See* ECF Nos. 88, 89.)

In 2005 the Eleventh Circuit denied Defendant's request to file a successive 2255 motion. (ECF No. 113.)  Defendant pursued a Rule 60(b) motion in 2015, which was denied.  (ECF Nos. 199, 200.)  He now has filed a successive §2255 petition claiming that he is entitled to relief pursuant to the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015).  (ECF No. 213.)

The Court does not have jurisdiction to entertain Defendant's motion. As Defendant is aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed.[1]

---

[1] Whether Defendant could obtain such authorization is unlikely as the Eleventh Circuit has denied an application for leave to file a second or successive § 2255 motion based on Johnson, finding that although the case announced a new substantive rule of constitutional law, the Supreme Court had not held that it should apply retroactively on collateral review. In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015).

Case Nos.: 1:94cr1036/MP/GRJ; 1:15cv272/MP/GRJ

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 1:94cr1036/MP/GRJ; 1:15cv272/MP/GRJ

Accordingly it is respectfully **RECOMMENDED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 213), should be **DISMISSED** for lack of jurisdiction.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 17th day of December, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.:  1:94cr1036/MP/GRJ; 1:15cv272/MP/GRJ