IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:94-cr-01036-MP-GRJ

JAMES R YOUNG,

    Defendant.
_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 17, 2015. (Doc. 214). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendant has filed objections at Doc. 216. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. Mr. Young has had his first § 2255 petition denied and the denial affirmed by the Eleventh Circuit Court of Appeals. Now, based on Johnson v. United States, 135 S.Ct. 2551 (2015), Mr. Young seeks to file another § 2255 motion and argues that it is not "successive" based on two Eleventh Circuit cases, Stewart v. United States, 646 F.3d 856 (11th Cir.2011), and Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). His argument is without merit.

Section 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, when a petitioner's new § 2255 motion is based on new evidence or a new rule of constitutional law, the petitioner must petition the Eleventh Circuit Court of Appeals for permission to file the successive § 2255 petition – before filing the petition in the district court. In <u>Stewart</u> and <u>Boyd</u>, however, the petitioners were not relying upon new evidence they discovered or a new rule of law.  Instead, the petitioners has successfully had the state court convictions vacated which had served as  predicates for their career criminal sentencing enhancements.  The Eleventh Circuit Court of Appeals in each case ruled that a petition based on such a turn of events is not successive to a previous petition raising other arguments.  Thus, the district court could rule on the § 2255 petitions in those cases without prior permission of the Eleventh Circuit.

In Mr. Young's case, however, the argument he raises in his current petition falls squarely within § 2255(h)(2); that is, he relies on <u>Johnson</u>, which he argues creates a new rule of constitutional law applicable to him.  Whether this supports a successive petition in this case is a question that § 2255(h) makes addressable only by a panel of the appropriate court of appeals.  A district court lacks jurisdiction to consider such a petition.  Accordingly it is hereby

**ORDERED AND ADJUDGED:**

The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.  The defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. 213), is DISMISSED for lack of jurisdiction.

**DONE AND ORDERED** this *22nd*   day of January, 2016

>    *s/Maurice M. Paul*
>    Maurice M. Paul, Senior District Judge