IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  1:94cr1036/MW/GRJ
             1:19cv164/MW/GRJ

JAMES R. YOUNG,

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody."  (ECF No. 37.)   The Government has moved to dismiss the petition, and Petitioner has responded in opposition and filed supplemental authority in support of his motion.   (ECF Nos. 285, 287, 288.)

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the court concludes that the court does not have jurisdiction over Petitioner's successive motion, and it should be dismissed

without an evidentiary hearing. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND and ANALYSIS

Petitioner was sentenced on December 14, 1994 to a term of 262 months' imprisonment after a jury convicted him of violations of 18 U.S.C. §§ 922(g) and 924(e). His conviction was affirmed on appeal and the Supreme Court denied certiorari. (ECF Nos. 55, 57.) Petitioner has filed a number of post-conviction petitions in this court since 2000.

In February of 2000, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which was denied as untimely. (ECF. Nos. 58, 60, 61.) After Petitioner objected, the court reopened the matter and conducted an evidentiary hearing to determine whether Petitioner had timely delivered his petition to prison authorities for mailing. The court again dismissed the petition as untimely, finding Petitioner had submitted fraudulent evidence at the hearing. (*See* ECF Nos. 88, 89.) In 2005, the Eleventh Circuit denied Petitioner's request to file a successive § 2255 motion. (ECF No. 113.) Petitioner pursued a Rule 60(b) motion in 2015, which was also denied. (ECF Nos. 199, 200.) In September of 2015, he filed a § 2255 motion claiming his entitlement to relief under *Johnson v. United States*,

135 S.Ct. 2551 (2015). (ECF No. 213.) This motion was denied as an unauthorized successive petition (ECF Nos. 214-16; 218), and several requests for permission to file a successive motion based on *Johnson* were denied. (*See* ECF Nos. 232, 234, 237, 239.)[1] In 2018 and 2019, Petitioner unsuccessfully challenged his conviction via Federal Rule 60(b), the "all writs act," and a writ of audita querela. (ECF Nos. 242-247; 255-257, 259.)

In July of 2019 he filed a motion to appoint counsel and for emergency habeas review pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 274.) To ensure preservation of Petitioner's rights, this court recharacterized Petitioner's motion as one arising under 28 U.S.C. § 2255, provided appropriate information pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), and directed him to file an amended motion if he wished to so proceed. (ECF No. 275.) Petitioner filed an amended motion, which the Government moved to dismiss. It is his amended motion that is now before the court.

---

[1] In January of 2017, a three-judge panel of the Eleventh Circuit denied Petitioner's request for leave to file a second or successive § 2255 motion, despite Judge Martin's concurrence, expressing her belief that Petitioner's ACCA sentence was unlawful after *Johnson*. (ECF No. 239 at 5-7.)

Case Nos.: 1:94cr1036/MW/GRJ; 1:19cv164/MW/GRJ

Page 4 of 7

As Petitioner is well aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.   28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010).   Petitioner's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.   This authorization is required even when, as here, a litigant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2).   Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[2]

---

[2] In light of the Eleventh Circuit's opinion in *In re Palacios*, 931 F. 3d 1314, 1314-15 (11th Cir. 2019), it is unlikely that such authorization will be forthcoming.

Case Nos.: 1:94cr1036/MW/GRJ; 1:19cv164/MW/GRJ

Petitioner has also filed two motions requesting emergency conditional release and a motion requesting release to home confinement. (ECF Nos. 282, 286, 289.) Each of these motions is premised upon his belief that the pending § 2255 motion is due to be granted. As such, they should also be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 1:94cr1036/MW/GRJ; 1:19cv164/MW/GRJ

Page 6 of 7

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended Motion to Vacate, Set Aside or Correct Sentence (ECF No. 280) should be summarily **DENIED and DISMISSED**.

2. Petitioner's Motion Request for an Emergency Conditional Release Order (ECF No. 282), his Renewed Motion (ECF No. 286) and his Motion for release to Home Confinement (ECF No. 289) should be **DENIED**.

3. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of February 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:94cr1036/MW/GRJ; 1:19cv164/MW/GRJ